IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH SMITH,

     Plaintiff,                      No. CIV 2:11-cv-3021-MCE-JFM (PS)

    vs.

SACRAMENTO METRO PAROLE
REGION SUPERVISORS,            <u>ORDER AND</u>

     Defendant.             <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Plaintiff is proceeding in this action pro se. Plaintiff seeks relief pursuant to and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302(c)(21).

        Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

        The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Upon review, the court is able to discern that plaintiff brings suit against three supervisors who work at the 1103 North B Street parole office in Sacramento, California. Plaintiff alleges that these supervisors verbally abused plaintiff on March 18, 2010, when he was called into the office due to a broken GPS tracking device. While at the parole office, plaintiff was subjected to "very poor, adusive [sic], profane improper language" by the three supervisors, who accused plaintiff of breaking the GPS tracking device with his hands. It appears plaintiff is also complaining that the supervisors threatened to find plaintiff in violation of his parole. Plaintiff complains of negligence and unprofessional conduct.

"Section 1983 imposes civil liability upon an individual who under color of state law subjects or causes, any citizen of the United States to the deprivation of any rights, privileges or immunities secured by the Constitution and laws." Franklin v. Fox, 312 F.3d 423, 444 (9th Cir. 2002) (citing 42 U.S.C. § 1983). "To state a claim under § 1983, a plaintiff must

allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." Long v. County of L.A., 442 F.3d 1178, 1185 (9th Cir. 2006) (citing West v. Atkins, 487 U.S. 42, 48 (1988)); accord Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988) ("To make out a cause of action under section 1983, plaintiffs must plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes" (citation omitted).).

Verbal harassment or abuse alone is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983, Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987), and threats do not rise to the level of a constitutional violation. Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987). Plaintiff's complaints of verbal harassment and threats do not give rise to any claims for relief under section 1983.

In accordance with the above, IT IS HEREBY ORDERED that plaintiff's request for leave to proceed in forma pauperis is granted; and

IT IS HEREBY RECOMMENDED THAT plaintiff's complaint be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

/////
/////
/////
/////
/////
/////

3

1 "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised
2 that failure to file objections within the specified time may waive the right to appeal the District
3 Court's order. <u>Martinez v. Ylst</u>, 95 1 F.2d 1153 (9th Cir. 1991).
4 DATED: December 22, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

/014;smit3021.ifpgrant